**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ROSALYN PARKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE DUFRESNE SPENCER GROUP, LLC d/b/a ASHLEY FURNITURE HOMESTORE,<br><br>    Defendant. | Civil Action No. 4:24-02202 |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
SETTLEMENT AND CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES**

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................................... 2

III.  THE SETTLEMENT TERMS ..................................................................................... 3

   A.   The Settlement Class ............................................................................................. 3

   B.   The Settlement Benefits ........................................................................................ 3

      1.   Reimbursement for Monetary Losses and Lost Time .................................. 3

         a.   Reimbursement for Documented Out-of-Pocket Losses ........................... 3

         b.   Reimbursement for Documented Fees for Credit Reports, Credit Monitoring, or other Identity Theft Insurance Products ........................................................ 4

         c.   Reimbursement for Documented Extraordinary Losses ............................. 4

      2.   Reimbursement for Attested Lost Time ....................................................... 4

      3.   Alternative Cash Payment ............................................................................ 5

      4.   Credit Monitoring and Identity Theft Protection Services .......................... 5

      5.   Information Security Improvements ............................................................. 6

      6.   Costs of Notice to Settlement Class Members, Claims Administration, Attorney's Fees, Costs, and Expenses, and the Service Award to the Class Representative ........... 6

   C.   Notice to Settlement Class Members ..................................................................... 7

   D.   Claims, Opt-Out, and Objection Procedures ......................................................... 8

   E.   Release ................................................................................................................... 9

IV.   ARGUMENT ............................................................................................................... 10

   A.   The Settlement Satisfies the Requirements for Preliminary Approval .............. 11

   B.   The Settlement Class Should Be Certified for Settlement Purposes .................. 13

      1.   The Settlement Class Meets the Criteria of Rule 23(a) ............................. 14

         a.   Numerosity ................................................................................................. 14

         b.   Commonality ............................................................................................. 14

c.   Typicality ................................................................................................. 15

d.   Adequacy ................................................................................................. 15

2.   The Settlement Class Satisfies Rule 23(b) ...................................................... 16

a.   Predominance........................................................................................... 16

b.   Superiority................................................................................................ 17

C.   The Court Should Approve the Proposed Notice Program............................... 18

D.   The Court Should Approve Appointment of the Claims Administrator .......................... 19

E.   The Court Should Appoint the Class Representative and Class Counsel ........................ 20

V.   CONCLUSION............................................................................................... 21

## I.   INTRODUCTION

Plaintiff Rosalyn Parker ("Plaintiff") submits this Unopposed Motion for Preliminary Approval of Class Settlement. Defendant The Dufresene Spencer Group, LLC d/b/a Ashley Furniture Homestore ("Defendant" or "Dufresne") does not oppose Plaintiff's motion for preliminary approval of the class action settlement and certification of the Settlement Class for settlement purposes only. Plaintiff believes the Settlement is fair, reasonable, and adequate, and that the Court should grant preliminary approval.

Plaintiff respectfully moves this Court for entry of an Order: (1) granting preliminary approval of the Settlement; (2) approving the Notice Program; (3) appointing Simpluris, Inc. as Claims Administrator; (4) preliminarily certifying the Settlement Class for settlement purposes only; (5) appointing Plaintiff Rosalyn Parker as the Class Representative; (6) appointing Abbas Kazerounian and Mona Amini as Class Counsel; (7) approving the form and content of the Short Form Postcard Notice (Ex. A), Long Form Notice (Ex. B), and Claim Form (Ex. C), all attached to the Settlement Agreement, respectively; and (8) scheduling a Final Fairness Hearing to consider entry of a final order approving the Settlement, final certification of the Settlement Class for settlement purposes only, and the request for attorneys' fees, costs, and expenses, and Plaintiff's service award.

This Motion is based upon: (1) this Motion and the following supporting memorandum; (2) Class Counsel's Declaration; (3) the Settlement Agreement; (4) the Parties' proposed Notice Program; (5) the [Proposed] Preliminary Approval Order; (6) the records, pleadings, and papers filed in this Litigation; and (7) upon such other documentary and oral evidence or argument as may requested or be presented to the Court at the hearing.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that between May 15, 2023, and June 5, 2023, Dufresne experienced a data incident whereby an unauthorized party accessed and/or acquired certain files on Dufresne's systems ("Data Incident"). *See* Dkt. 1, Complaint at ¶ 2. Plaintiff further alleges that during the Data Incident, an unauthorized party gained access to certain types of personal information, including names, dates of birth, driver's licenses, banking information (*i.e.,* account number, routing number), digital signatures, among other personal information (collectively "Private Information"). *Id.* Following this Data Incident, Defendant mailed notice to affected individuals on or around May 7, 2024. After receipt of Dufresne's notification letter, Plaintiff filed a putative class action complaint asserting various claims against Dufresne relating to the Data Incident (the "Litigation"). Dufresne denies Plaintiff's allegations in the Litigation and denies any wrongdoing. S.A. § III.

Recognizing the benefits of early resolution of Plaintiff's and the Class's claims, the parties agreed to explore settlement. The parties participated in a full-day mediation with respected neutral Bruce Friedman of JAMS. At the conclusion of the mediation, the parties arrived at a settlement in principle. In the months following the mediation, the parties diligently negotiated and circulated drafts of the Settlement Agreement, along with accompanying Notice documents, a Claim Form, and other exhibits, and agreed upon a Claims Administrator. The parties ultimately finalized and executed the Settlement Agreement on October 8, 2025. *See* <u>Exhibit 1</u> attached to the Declaration of Mona Amini ("Class Counsel Decl.") submitted concurrently with this motion.

//

//

//

## III.    THE SETTLEMENT TERMS

### A.  The Settlement Class

The Settlement provides for the certification of the Settlement Class defined as:

> All persons residing in the United States who were sent written notification by Dufresne Spencer Group that their Private Information was potentially accessed, viewed, and/or obtained as a result of the Data Incident that occurred between May 15, 2023 and June 5, 2023. *See* S.A. § IV.1.24.

The Settlement Class specifically excludes: (i) Dufresne, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. *Id*.

### B.  The Settlement Benefits

The Settlement provides Settlement Class Members with timely benefits targeted at remediating the specific harms they have suffered as a result of the Data Incident. The benefits of the Settlement are available to all Settlement Class Members and, significantly, there is no cap on the aggregate amount that will be paid for monetary claims, ensuring that every Settlement Class Member who submits a Valid Claim will receive Settlement Benefits. Specifically, the Settlement provides the following benefits to all Settlement Class Members submitting a Valid Claim:

#### 1.  Reimbursement for Monetary Losses and Lost Time

##### a.  Reimbursement for Documented Out-of-Pocket Losses

All Settlement Class Members who submit a Valid Claim using the Claim Form and necessary supporting documentation, are eligible for reimbursement of the following documented out-of-pocket expenses, not to exceed $500 per Settlement Class Member, that were incurred as a

result of the Data Incident: (i) unreimbursed bank fees; (ii) long distance phone charges; (iii) cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; and (vi) gasoline for local travel purchased by Settlement Class Members between May 15, 2023 and the Claims Deadline. S.A. § IV.2.1.1(a).

### b. Reimbursement for Documented Fees for Credit Reports, Credit Monitoring, or other Identity Theft Insurance Products

All Settlement Class Members who submit a Valid Claim using the Claim Form and necessary supporting documentation, are eligible to receive reimbursement for credit reports, credit monitoring, or other identity theft insurance products purchased between May 15, 2023, and the Claims Deadline, not to exceed $500 per Settlement Class Member. S.A. § IV.2.1.1(b).

### c. Reimbursement for Documented Extraordinary Losses

Settlement Class Members are also eligible to receive reimbursement for documented Extraordinary Losses, not to exceed $2,500 per Settlement Class Member for documented monetary losses if the loss: (i) is actual, documented, and unreimbursed; (ii) was more likely than not caused by the Data Incident; (iii) occurred between May 15, 2023, and the Claims Deadline; and (iv) is not already covered by one or more of the above-referenced reimbursable expense categories under Documented Monetary Losses. S.A. § IV.2.1.1(c).

### 2. Reimbursement for Attested Lost Time

Settlement Class Members are also eligible to receive reimbursement for up to four (4) hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour) if the Settlement Class Member (i) attests that any claimed lost time was spent responding to issues raised by the Data Incident; and (ii) provides a checkbox style description, or written description if no checkbox is applicable, of how the claimed lost time was spent related to the Data Incident. S.A. § IV.2.1.2.

4

### 3. Alternative Cash Payment

In lieu of submitting a claim for Attested Lost Time, Documented Extraordinary Losses, or Documented Out-of-Pocket Losses, Settlement Class members may alternatively submit a claim for an Alternative Cash Payment of $45.00. S.A. § IV.2.1.3. This Alternative Cash Payment may be combined with a request for Credit Monitoring and Identity Theft Protection Services. *Id*.

### 4. Credit Monitoring and Identity Theft Protection Services

All Settlement Class Members shall have the ability to make a claim for two (2) years of Credit Monitoring and Identity Theft Protection Services. S.A. § IV.2.3. Settlement Class Members electing to receive this settlement benefit may, but are not required to, submit a claim for monetary compensation. Dufresne will pay for the Credit Monitoring and Identity Theft Protection Services separate and apart from other settlement benefits. The Credit Monitoring and Identity Theft Protection Services will be provided by CyEx. S.A. § IV.2.3. The Credit Monitoring and Identity Theft Protection Services, which is called Financial Shield Total, will provide certain services to each participating Settlement Class Member, including: 3-Bureau Credit Monitoring; Monthly Credit Score; Bank and Financial Account Monitoring; Financial Transaction Monitoring; Home Title Monitoring; Spend Tracking by Category; Fictitious Identity Monitoring; Score Tracker; Change of Address Monitoring; Real-Time Inquiry Alerts; Real-Time Authentication Alerts;  Dark Web Monitoring; High-Risk Transaction Monitoring; Lost Wallet Protection; $1,000,000 Identity Theft Insurance; Security Freeze Assist; Victim Assistance; and Customer Support. *See* Declaration of Jerry Thompson on behalf of CyEx, LLC ¶ 8. The Credit Monitoring and Identity Theft Protection Services provided by CyEx is valued at $32.95 per month for each participating Settlement Class Member electing to receive that benefit. *Id*. Thus, for the two-year term, each participating Settlement Class Member's Credit Monitoring and Identity Theft

Protection Services subscription is valued at $790.80.

### 5.  Information Security Improvements

Separate from and in addition to the other Settlement Benefits described above, Dufresne has agreed to provide sufficient documentation to demonstrate that it either has implemented or will implement various security related measures. S.A. § IV.2.3; Class Counsel Decl. ¶ 13. The costs associated with these information security improvements will be paid by Dufresne separate and apart from other settlement benefits.  *Id.*

### 6.  Costs of Notice to Settlement Class Members, Claims Administration, Attorney's Fees, Costs, and Expenses, and the Service Award to the Class Representative

Defendant will pay for the costs of Notice to the Settlement Class Members, costs of Claims Administrator, including the costs of Claims Administration and any costs for dispute resolution.[1] Defendant will also pay for Plaintiff's attorney's fees, costs, and expenses.  S.A. §§ IV.2.6, 3.2.

Defendant has also agreed to pay for Plaintiff's attorney's fees, costs, and expenses. The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Plaintiff, as provided for in S.A. §§ IV.7.2, 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Dufresne would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to Plaintiff as may be ordered by the Court. S.A. § IV.7.1.  Subject to Court approval, Dufresne has agreed not to object to a request by Class Counsel for attorneys' fees, inclusive of any costs and expenses of the Litigation in an amount not to exceed $300,000. S.A. § IV.7.2.  Also, subject to Court approval, Dufresne has agreed not to object to a request for a service award in the amount of $2,500 to the named Plaintiff. S.A. § IV.7.3.

---

[1] Simpluris anticipates class notice and administration expenses of approximately $68,469.00. *See* Simpluris Decl. ¶ 4.

Dufresne shall pay any attorneys' fees, costs, expenses and/or service award to Plaintiff separate and apart from any benefits provided to Settlement Class Members and the costs of notice and Claims Administration. S.A. § IV.7.1.   These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein.  S.A. § IV.7.5.

### C.  Notice to Settlement Class Members

The Settlement outlines how the Claims Administrator, Simpluris Inc., will provide Notice to the Settlement Class Members, and administer the Settlement, the Settlement Website, submission and review of Claim Forms, and other requirements of the Settlement Agreement.  S.A. § IV.3.2. Within fourteen (14) days of entry of the Preliminary Approval Order, Dufresne shall provide the Claims Administrator with the most current name and physical address, of each Settlement Class Member (collectively, "Class Member Information") as such information is contained in its records. S.A. § IV.3.2(a)

Prior to the dissemination of the Short Notice, the Claims Administrator shall establish the Settlement Website, that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include copies of and make available for download, the following documents related to the Settlement: (i) the Long Form Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) the Settlement Agreement; (v) the operative Class Action Complaint filed in the Litigation; (vi) Class Counsel's Application for Attorney's Fees and Expenses and Service Award for the Class Representative; and (viii) any other materials agreed upon by the Settling Parties and/or required by the Court. The Settlement Website will also provide Settlement Class Members with the ability to complete and submit the Claim Form, and supporting documentation, electronically. S.A. § IV.3.2(c).

Within forty-five (45) days of entry of the Preliminary Approval Order and to be substantially completed not later than sixty (60) days after entry of the Preliminary Approval Order, subject to the requirements of this Agreement and the Preliminary Approval Order, the Claims Administrator will provide direct mail notice via postcard (the "Short Notice" in substantially the same format as Exhibit A to the Settlement Agreement) to the postal address provided by Dufresne to the Claims Administrator. S.A. § IV.3.2(d).  In the event that a Short Notice is returned to the Claims Administrator because the address of the recipient is not valid, the Claims Administrator shall re-send the Short Notice to the forwarding address, the returned notice contains a forwarding address, within seven (7) days of receiving the returned Short Notice. *Id*. In the event the notice is returned to the Claims Administrator as "Return to Sender" and does not contain a forwarding address, the Claims Administrator will perform a skip trace in an effort to attempt to ascertain the current address of the particular Settlement Class Member and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice to the new address within seven (7) days of receiving such information. *Id*.

**D.  Claims, Opt-Out, and Objection Procedures**

Settlement Class Members will have 90 days from the day the Claims Administrator notifies the Settlement Class to submit claims. S.A. §§ IV.2.1.3, 3.3. This claims period will allow Settlement Class Members to recover for fraud, identity theft, ordinary losses, and lost time attributable to the Data Incident.  The Claims Administrator will adjudicate all claims, including by reviewing any documents a claimant attaches to support their claim. S.A. § IV.2.5.1. Settlement Class Members will have 21 days to address any defects identified by the Claims Administrator, who will determine whether the Settlement Class Member has cured them. S.A. §§ IV.2.5.2, 2.5.3. If the Claims Administrator rejects a claim in whole or in part, then the claim shall be referred to

the claims referee, who has 15 days to make a final and non-appealable ruling. S.A. §§ IV.2.5.3, 2.5.4.

Settlement Class Members may request exclusion or opt out from receiving the Settlement's benefits by sending written notice to the Claims Administrator clearly manifesting their intent to be excluded from the Settlement Class within 60 days from the day the notice program commences. S.A. § IV.4.1. Because the Settlement is conditioned on this Court's approval, Settlement Class Members will not receive any Settlement Benefits unless the Court grants final approval of the Settlement. If the settlement set forth in this Settlement Agreement is not approved by the Court, or in the event the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, the Litigation will proceed without any prejudice to any party or the Settlement Class Members S.A. § IV.2.7.

Settlement Class Members may also object to the Settlement within 60 days from the day the notice program commences by filing timely written notice of their objection, including the case name and docket number, with the Clerk of Court and serving a copy of the same concurrently upon Class Counsel and counsel for Dufresne. S.A. § IV.5.1. To object, an objector need only state their contact information, establish themselves as a Settlement Class Member, state all grounds for their objection, identify all other objections to any proposed class action settlement they have made in the last three years, identify all counsel representing them, explain whether they will appear at the Final Approval Hearing, and sign the objection. *Id*.

### E. Release

To receive the Settlement Benefits, Plaintiff and Settlement Class Members who do not opt out of the Settlement agree to release Dufresne and the Related Entities for all claims and causes of action asserted or that could have been asserted by any Settlement Class Member based

on, relating to, concerning or arising out of the Data Incident. S.A. §§ IV.1.21, 6.1.

## IV.    ARGUMENT

A class action "may be settled … only with the court's approval." Fed. R. Civ. P. 23(e). Because the parties negotiated this settlement before a ruling on class certification, the Court must decide whether certification for settlement purposes is appropriate. *See* 2 Newberg & Conte, Newberg on Class Actions, §§ 11.22, 11.27 (3d ed. 1992). The Court must then determine whether the settlement is likely to be approved as fair, reasonable, and adequate.

Plaintiff asks the Court to take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement. Because no class has been certified, "the judge should [also] make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." William B. Rubenstein, *Newberg on Class Actions* § 13:18 (5th ed. June 2019 update) (citation omitted). Judicial and public policy favors the resolution of disputes through settlement. *See ODonnell v. Harris Cty.*, No. H-16-1414, 2019 WL 4224040, at *8 (S.D. Tex. Sept. 5, 2019); *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982); *see also Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 507 (5th Cir. 1981) ("Particularly in class action suits, there is an overriding public interest in favor of settlement.") (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Settlement agreements are not required to "achieve some hypothetical standard constructed by imagining every benefit that might someday be obtained in contested litigation"—rather, compromise is the essence of settlement, and a court may rely on the judgment of experienced counsel for the parties. *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 286 (W.D. Tex. 2007) (quoting *Garza v.Sporting Goods Properties, Inc.*, No. CIV. A. SA-93-CA-108, 1996 WL 56247, at *11 (W.D. Tex. Feb. 6, 1996)). Because the proposed Settlement falls within the range of possible approval, the Court should grant Plaintiff's

motion.

### A. The Settlement Satisfies the Requirements for Preliminary Approval

At this preliminary approval stage, the settling parties bear the burden of demonstrating that the settlement is fair, reasonable, and adequate. *See In re Cirrus Logic,Inc.*, No. A-07-CA-212-SS, 2009 WL 10670041, at *6 (W.D. Tex. Jan. 8, 2009). The standards at the preliminary approval stage are not as stringent as those applied to a motion for final approval. *See In re Pool Prods. Distrib. Market Antitrust Litig.*, 310 F.R.D. 300, 314 (E.D. La. 2015) (citing *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007)). "If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval." *In re Pool Prods.*, 310 F.R.D. at 314-315

For preliminary approval, the Court must determine that it will "likely" be able to grant final approval of the Settlement under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(2). Under Rule 23(e)(2), in order to give a settlement final approval, the court must consider whether the proposed settlement is "fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . ; and (D) the proposal treats class members equitably relative to each other." *Id*. 23(e)(2)(A)-(D). In determining whether the relief provided is adequate, Courts must consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule

23(e)(3)." *Id.* 23(e)(2)(C)(i)-(iv).

The Fifth Circuit also developed its own factors— known as the *Reed* factors—for determining whether a settlement was fair, adequate, and reasonable, including: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiff prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *See Stott v. Cap. Fin. Servs. Inc.*, 277 F.R.D. 316, 343 (N.D. Tex. 2011) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)). Because Rule 23 and the *Reed* factors overlap, Fifth Circuit courts often combine them in analyzing class settlements. *See ODonnell*, 2019 WL 4224040, at *8 (citing *Hays v. Eaton Grp. Attorneys, LLC*, No. 17-88-JWD-RLB, 2019 WL 427331, at *9 (M.D. La. Feb. 4, 2019)); *Al's Pals Pet Care v. Woodforest Nat'l Bank, NA*, No. H-17-3852, 2019 WL 387409, at *3 (S.D. Tex. Jan. 30, 2019).

The public interest strongly favors the voluntary settlement of class actions and there is a strong presumption in favor of finding the settlement fair, reasonable, and adequate. See *Hays*, 2019 WL 427331, at *9; *In re Oil Spill by Oil Rig Deepwater Horizon in the Gulf of Mex.*, 910 F. Supp. 2d 891, 930–31 (E.D. La. 2012). A proposed settlement "will be preliminarily approved unless there are obvious defects in the notice or other technical flaws, or the settlement is outside the range of reasonableness or appears to be the product of collusion, rather than arms-length negotiation." *O'Donnell*, 2019 WL 4224040, at *7 (quoting 2 McLaughlin on Class Actions, § 6:7 (15th ed. 2018)). Here, because the Settlement Agreement is fair, reasonable, and adequate under both the Rule 23 criteria and the Fifth Circuit's *Reed* factors, this Court should grant preliminary approval and order that the proposed notice of the Settlement be issued to the class.

**B. The Settlement Class Should Be Certified for Settlement Purposes**

Under Rule 23(a), a class action may be maintained where the movant demonstrates that (1) the class is so numerous that joinder is impracticable; (2) the class has common questions of law or fact; (3) the representatives' claims are typical of the class claims; and (4) the representatives will fairly and adequately protect class interests. *See* Fed. R. Civ. P. 23(a); *see also Nelson v. Constant*, No. 3:20-CV-3042, 2020 WL 5258454, at *4 (E.D. La. Sept. 2, 2020) (citing Fed. R. Civ. P 23(a)). Additionally, under Rule 23(b)(3), a class may be maintained where "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Compared to a traditional certification analysis of a class that is not settled, the Court here undertakes a different analysis when certifying a class action that is settled. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court's review, in certain aspects, of a settlement-only class certification motion is lessened—without a trial, the case management issues need not be confronted. *Id.* Other certification issues however, such as "those designed to protect absentees by blocking unwarranted or overbroad class definitions" require heightened scrutiny in the settlement-only class context "for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Id.*

Indeed, courts have been certifying similar nationwide classes in data breach cases. *See, e.g., Flores v. Trussway Manufacturing, LLC*, No. 4:23-cv-02509, (S.D. Tex.); *In re Heartland Payment Systems,* Inc. Customer Data Sec. Breach Litig., 851 F. Supp. 2d 1040 (S.D. Tex. 2012); *In re Marriott Int'l, Inc., Cust. Data Sec. Breach Litig.*, No. 19-MD-2879, 341 F.R.D. 128 (D. Md.

2022); *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021). Similarly, this case should similarly be certified for settlement purposes.

### 1.   The Settlement Class Meets the Criteria of Rule 23(a)

#### a.   Numerosity

Numerosity requires "the class [be] so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). The Fifth Circuit has found that a class of 100 to 150 members "is within the range that generally satisfie[s] the numerosity requirement." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999).

Here, the Settlement Class consists of approximately 65,000 individuals. Therefore, numerosity is easily satisfied.

#### b.   Commonality

Commonality requires Plaintiff to demonstrate "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality does not require that every question be common to every member of the class, but rather that the questions linking class members are substantially related to the resolution of the litigation and are capable of generating common answers "apt to drive the resolution of the litigation," even where the individuals are not identically situated. *See In re Heartland*, 851 F. Supp. 2d at 1052 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 347 (2011)). Commonality can be satisfied by an "instance of the defendant's injurious conduct, even when the resulting injurious effects—the damages—are diverse." *Nelson v. Constant*, 2020 WL 5258454, at *5 (quoting *In re Deepwater Horizon*, 739 F.3d 790, 810–11 (5th Cir. 2014)).

Here, Plaintiff easily satisfies the commonality requirement because numerous common issues exist.  For instance, the question of whether Dufresne failed to adequately safeguard or was negligent in the safekeeping of the records of Plaintiff and the Settlement Class Members is a

question common to the entire Settlement Class and can be established by common proof.  Other common issues include whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of information compromised in the Data Incident, whether Defendant's data security systems prior to and during the Data Incident complied with applicable data security laws and regulations These common questions, and others alleged by Plaintiff in the operative Complaint, are central to the causes of action brought here, will generate common answers, and can be addressed on a class wide basis. Therefore, the commonality requirement of Rule 23 is satisfied.

### c.  Typicality

Under Rule 23(a)(3), the typicality requirement is satisfied where "the claims or defenses of the class representatives have the same essential characteristics as those of the class as a whole." Fed. R. Civ. P. 23(a)(3). "If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); Fed. R. Civ. P. 23(a)(3)

Here, Plaintiff's and Class Members' claims arise from the same nucleus of facts—the Data Incident—and are based on Defendant's same allegedly deficient security practices. Therefore, Rule 23(a)'s typicality requirement is satisfied.

### d.  Adequacy

Plaintiff and Plaintiff's counsel are adequate to represent the Settlement Class. Plaintiff does not have any conflicts of interest with the absent Settlement Class Members, as Plaintiff's claims are coextensive with those of the Settlement Class Members. *General Tel. Co. v. Falcon*, 457 U.S. 147, 157-58, fn. 13 (1982). Plaintiff and Class Counsel understand their responsibilities in serving as Class Representatives and Class Counsel have committed themselves to vigorously

pursuing litigation on behalf of the putative class and will continue to adequately represent the class through the Effective Date. *See* Class Counsel Decl. ¶ 18; Declaration of Rosalyn Parker ("Parker Decl.") ¶¶ 7-8.

### 2. The Settlement Class Satisfies Rule 23(b)

Rule 23(b)(3) provides a class action can be maintained where: (1) the questions of law and fact common to members of the class *predominate* over any questions affecting only individuals; and (2) the class action mechanism is *superior* to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). In the settlement context, the manageability criterion of Rule 23(b)(3)(D) does not apply. *Amchem*, 521 U.S. at 620.

### a. Predominance

"In order to 'predominate,' common issues must constitute a significant part of the individual cases." *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). "Common questions that yield common answers" and are "apt to drive the resolution of this case" predominate over any individual issues. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 345 (2011). Several courts have recognized that the types of common issues arising from data breaches predominate over any individualized issues. *See, e.g., In re Heartland*, 851 F. Supp. 2d at 1059 (finding predominance satisfied in data breach case despite variations in state laws at issue, concluding such variations went only to trial management, which was inapplicable for settlement class); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 312–15 (N.D. Cal. 2018) (finding predominance was satisfied because "[p]laintiffs' case for liability depend[ed], first and foremost, on whether [the defendant] used reasonable data security to protect [p]laintiffs' personal information," such that "the claims rise or fall on whether [the defendant] properly secured the stolen personal information," and that these issues predominated over potential individual issues).

16

Here, every Settlement Class Member was affected by the same Data Incident and received notice of the Data Incident by Dufresne. In this case, key predominating questions include whether Dufresne had a duty to exercise reasonable care in safeguarding, securing, and protecting the personal information of Plaintiff and the Settlement Class Members, and whether Dufresne breached that duty.  Therefore, predominance is satisfied.

### b.  Superiority

The resolution of thousands of claims in one action is far superior to litigation via individual lawsuits. Class certification—and class resolution—guarantee an increase in judicial efficiency and conservation of resources over the alternative of individually litigating thousands of data breach cases arising out of the same Data Incident.  A class action is the only reasonable method to fairly and efficiently adjudicate Class Members' claims against Defendant. *See Phillips Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("Class actions . . . permit the plaintiffs to pool claims which would be uneconomical to litigate individually . . . [In such a case,] most of the plaintiffs would have no realistic day in court if a class action were not available."). Resolution through individual actions is impracticable—the amount in dispute for individual class members is too small, the technical issues involved are too complex, and the required expert testimony and document review too costly. *Just Film, Inc. v. Buono,* 847 F.3d 1108, 1123 (9th Cir. 2017).

Here, because the common questions of fact and law that arise from Dufresne's conduct predominate over any individualized issues among the Settlement Class Members, and a class action is the superior vehicle by which to resolve these issues, and the requirements of Rule 23(b)(3) are met. Therefore, the Settlement Class should be certified for settlement purposes.

### C. The Court Should Approve the Proposed Notice Program

Rule 23(e)(1) requires the Court to "direct reasonable notice to all class members who would be bound by" a proposed Settlement. Fed. R. Civ. P. 23(e). For classes, like this one, certified under Rule 23(b)(3), the parties must provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id*. 23(c)(2)(B). The best practicable notice is that which "is reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Notice to Settlement Class Members is designed to meet all the criteria set forth by Due Process clauses of the United States and Texas Constitutions and Federal Rule of Civil Procedure 23. *See* S.A. Exs. A-B. Here, the Settlement provides for direct and individual Notice to be sent via first class mail to each Settlement Class Member. S.A. § IV.3.1,3.2(d). In the event the Short Notice is returned because the recipient is not valid, and the envelope contains a forwarding address, the Claims Administrator will re-mail the Short Notice to the forwarding address within seven (7) days of receiving the returned Notice. S.A. § IV.3.2(d). In the event a Short Notice is returned to the Claims Administrator and there is no forwarding address, the Claims administrator will perform a skip trace to ascertain the current address and resend Notice to the new address within seven (7) days. S.A. § IV.3.2(d).

In addition to disseminating Notice via direct mail, the Claims Administrator will also establish the Settlement Website where all versions of the Notice will be available to Settlement Class Members, along with all relevant filings. S.A. § IV.3.2(c). The Claims Administrator will

also make a toll-free telephone number available for any Settlement Class Member to seek answers to questions or request a Notice or Claim Form be mailed to their address. S.A. § IV.3.2(f).

Also, the Notices themselves are clear and straightforward. S.A, Exhibits A and B. The Notices define who is a Settlement Class Member and clearly outline the options available to them and the deadlines for taking action. *Id*. The Notices disclose the essential terms of the Settlement Agreement, including the Service Award request for the Class Representative and the amount Settlement Class Counsel intends to seek in attorneys' fees, costs, and expenses. *Id*. The Notices also explain the procedures for making claims, requesting exclusion from the Settlement or submitting an objection. *Id*. Plus, the Notices alert the Settlement Class Members to the date, time, and place of the Final Fairness Hearing and to the contact information for Class Counsel. *Id*.

Considering the above, the Notice Program detailed in the Settlement Agreement is designed to be the best practicable under the circumstances, apprises Settlement Class Members of the pendency of the action, and gives them an opportunity to object or exclude themselves from the Settlement. Accordingly, the Notice provides Due Process under the U.S. and Texas Constitutions and complies with the Rule 23 requirements and should be approved by the Court. *See* U.S. Const., amend. XIV; Tex. Const., Art. 1, § 19; Fed. R. Civ. P. 23(c)(2)(b) & (e)(1).

## D.  The Court Should Approve Appointment of the Claims Administrator

The Settling Parties request that the Court approve appointment of Simpluris, Inc. to serve as the Claims Administrator for this Settlement. S.A. § IV.1.3. The Settling Parties solicited competing bids from several qualified administrators, and through this competitive bidding process, the Settling Parties selected Simpluris, Inc., which is an independent, third-party national full-service class action notice and claims administrator that has been handling administration of class action settlements for over fifteen years and has extensive experience in administering

consumer protection and privacy settlements (*see* Declaration of Shelby Alvey of Simpluris, Inc. ("Simpluris Decl.") ¶ 3), as the Claims Administrator.

### E.  The Court Should Appoint the Class Representative and Class Counsel

Plaintiff requests to be appointed as the Class Representative for the Settlement Class.  This Settlement would not have been possible had Plaintiff not stepped forward to represent the interests of the Settlement Class. Plaintiff has represented the Settlement Class from the inception of this action and has no conflict of interest or antagonism between Plaintiff and other members of the Settlement Class.  Like other Settlement Class Members, Plaintiff's Private Information has been impacted by the same Data Incident, and as a result, Plaintiff has the same interests as the Settlement Class Members.  Plaintiff has diligently represented the Settlement Class Members' interests in this action, including by providing information to facilitate Class Counsel's investigation of the Data Incident and provided information that contributed to the Complaint in the Litigation, communicated with Class Counsel regarding various issues pertaining to this case and will continue to do so until the Settlement is approved, and its administration completed. *See* Parker Decl. ¶¶ 5, 7-8.

Plaintiff also requests appointment of Plaintiff's counsel, Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC, as Class Counsel.  Plaintiff's counsel has extensive experience conducting class action litigation, including specifically data breach cases.  *See* Class Counsel Decl. ¶¶ 18-20; Exhibit 2.  Plaintiff's counsel has vigorously prosecuted this action and will continue to do so through final approval. *Id*. ¶ 18.  Considering their work in this Litigation, their collective expertise and experience in handling similar actions, and the resources they committed to representing the Class, Plaintiff's counsel should be appointed Class Counsel for the proposed Settlement Class under Rule 23(g)(3) and confirmed under Rule 23(g)(1).

## V.    CONCLUSION

In summary, the proposed Settlement satisfies the applicable standards for preliminary approval.  Accordingly, Plaintiff respectfully requests that the Court enter an order:  (1) granting preliminary approval of the Settlement; (2) approving the notice program; (3) appointing Simpluris, Inc. as Claims Administrator; (4) preliminarily certifying the Settlement Class for settlement purposes only; (5) appointing Plaintiff Rosalyn Parker as the Class Representative; (6) appointing Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC as Class Counsel; (7) approving the form and content of the Short Form Postcard Notice (Ex. A), Long Form Notice (Ex. B), and Claim Form (Ex. C), all attached to the Settlement Agreement, respectively; and (8) scheduling a Final Fairness Hearing to consider entry of an order granting final approval of the Settlement, final certification of the Settlement Class for settlement purposes only, and the request for Class Counsel's attorneys' fees, costs, and expenses, and Plaintiff's Service Award.

Respectfully submitted,

Dated:  October 8, 2025                    By: _/s/ Mona Amini_____
                                                    Abbas Kazerounian (TX SBN: 24090982)
                                                    Mona Amini, Esq.
                                                    **KAZEROUNI LAW GROUP, APC**
                                                    245 Fischer Ave., Unit D1
                                                    Costa Mesa, CA 92626
                                                    Telephone: (800) 400-6808
                                                    Facsimile:  (800) 520-5523

                                                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: October 8, 2025                    By: _/s/ Mona Amini_____
                                               Mona Amini