**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ROSALYN PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE DUFRESNE SPENCER GROUP, LLC d/b/a ASHLEY FURNITURE HOMESTORE,<br><br>Defendant. | Civil Action No. 4:24-02202 |

**DECLARATION OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

I, Mona Amini, declare as follows:

1. I am a Partner with Kazerouni Law Group, APC. I am a member in good standing the State Bar of California and the State Bar of Nevada. I am licensed to practice before all courts in California and Nevada, as well as other federal courts across the country. I have litigated cases in both state and federal courts in California and Nevada, as well as in several other states. I am over the age of 18 and fully competent to make this declaration. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. I together with my colleague Abbas Kazerounian have been appointed as Class Counsel for Plaintiff Rosalyn Parker ("Plaintiff" or "Class Representative") and the Settlement Class in the above-captioned Litigation.

3. I submit this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement, including the award of Attorneys' Fees, Costs, and Service Award.

**<u>The Settlement and Settlement Negotiations</u>**

4. My colleague Abbas Kazerounian and I (collectively, "Class Counsel") vigorously and zealously represented the interests of the proposed Settlement Class from the inception of this litigation until the present. Class Counsel have devoted significant time and effort pursuing this case and conducted a thorough investigation into the facts and the alleged violations of law asserted in this Litigation and have been involved in this case since its inception, including, *inter alia*, investigating evaluating the claims, preparing comprehensive pleadings, pursuing informal discovery, drafting and reviewing mediation briefs, preparing for and participating in a mediation that ultimately resulted in this Settlement Agreement, drafting the Settlement Agreement and exhibits, drafting and submitting the Motion for Preliminary Approval which granted preliminary approval of the Settlement, and working with Defendant and the Claims Administrator to ensure Notice was disseminated to the Settlement Class Members and overseeing the claims process to date.

5. The Settlement is the result of good faith, arm's length settlement negotiations, conducted during a full-day in-person mediation session presided over by well-respected neutral, Bruce Friedman, Esq. with JAMS. Mr. Friedman is a highly sought after and accomplished mediator with a plethora of experience mediating data breach cases. The mediation involved extensive negotiations, discussions and considerations of the case by each party. The Parties went into mediation willing to explore a potential settlement for the dispute, but each was prepared to litigate their claims and defenses through trial and appeal if no settlement could be reached. After the full day of arm's length negotiations at the mediation, and the mediator's proposal provided by Mr. Friedman, the Parties reached a settlement which is memorialized in the Settlement Agreement. The Settlement is also the product of extensive

subsequent negotiation efforts between counsel to finalize the Settlement Agreement, the Notice and Claim Form, and other exhibits thereto.

6. At all times, the parties' settlement discussions were non-collusive and aimed at securing a resolution that fairly compensated the Settlement Class. Through the Settlement, Plaintiff and Class Counsel were able to obtain significant monetary relief including: payment for reimbursement of documented Out-of-Pocket Losses up to $500 for each Settlement Class Member; reimbursement for documented Extraordinary Losses up to $2,500 for each Settlement Class Member; and reimbursement for Attested Lost Time for up to four (4) hours of lost time (calculated at the rate of $20 per hour), all of which many be combined with a request for Credit Monitoring and Identity Theft Protection Services. S.A. § IV, 2.1-2.3 In lieu of submitting a claim for reimbursement for Documented Out-of-Pocket Losses, or Documented Extraordinary Losses, or Attested Lost Time, Settlement Class Members may submit a claim for an Alternative Cash Payment of $45 which may be combined with a request for Credit Monitoring and Identity Theft Protection Services. *Id.* § IV 2.1.3. All Settlement Class Members shall have the ability to make a claim for two (2) years of Credit Monitoring and Identity Theft Protection Services provided by CyEx is valued at $32.95 per month. S.A. § IV.2.3.[1] The Credit Monitoring and Identity Theft Protection Services offered through the Settlement presents a tangible, and valuable, benefit to Settlement Class Members and protects them from the consequences of the Data Incident going forward. These services are a critical component of the Settlement designed

[1] The Credit Monitoring and Identity Theft Protection Services has a regular retail value of $32.95 per month for each Settlement Class Member electing to receive that Settlement Benefit. *Id.* Thus, for the two-year term, each subscription is valued at $790.80. *See* Dkt. No. 19-4, Declaration of Jerry Thompson on behalf of CyEx, LLC ("Thompson Decl.") ¶ 8. Since all Settlement Class Members are eligible to receive this Settlement Benefit, the Credit Monitoring and Identity Theft Protection Services alone contributes up to over $51.85 million to the value of the Settlement.

to address the reality that Out-of-Pocket Expenses or Extraordinary Losses may manifest at a later time. Separate from and in addition to the other Settlement Benefits described above, as a result of this Litigation and the Settlement, Defendant has either has implemented or will implement various security related measures. S.A. § IV.2.3.

7. Plaintiff and Class Counsel believe the claims asserted in the action, as set forth in the Class Action Complaint (Dkt. No. 1), are meritorious. And while Plaintiff and Class Counsel believe there is evidence from which the Court could ultimately rule in favor of Plaintiff's claims, there are mitigating factors and no guarantee if this case were to move forward through contested protracted litigation. Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this Litigation against Defendant through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. Based on our experience, and in light of all known facts and circumstances, the risk of significant delay of relief with continued litigation, the defenses that have been or could be asserted by Defendant both to certification and on the merits, trial risk, and appellate risk. and the substantial benefits provided by the Settlement, Class Counsel continue to firmly believe that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class.

//

//

//

**Preliminary Approval, Notice to the Settlement Class and Claims Administration**

8. On October 8, 2025, Plaintiff and Class Counsel moved the Court to grant preliminary approval of the proposed Settlement and certify the Settlement Class for settlement purposes. (Dkt. No. 19). The Court held the hearing on Plaintiff's Motion for Preliminary Approval, granted Plaintiff's Motion, and entered the Preliminary Approval Order on November 4, 2025 (Dkt. No. 20).

9. In the Preliminary Approval Order, the Court also preliminarily appointed Simpluris, Inc. to serve as the Claims Administrator. Simpluris is highly experienced in similar matters, well regarded, and qualified to serve as the Claims Administrator. *See* Simpluris Decl.

10. Since the Preliminary Approval Order, Class Counsel has worked alongside Simpluris to implement the notice and claims process and ensure the notice has been disseminated to Settlement Class Members and the claims process has gone smoothly for Settlement Class Members. Class Counsel repeatedly audited the Settlement Website to make sure it was accurate and user-friendly, reviewed weekly reports from, and conferred with, Simpluris about the progress of the notice and claims process, and responded to inquiries from Settlement Class Members who reached out to Class Counsel's offices.

11. The Claims Administrator was charged with providing Notice to the Settlement Class Members via direct mail, receiving Claim Forms and any requests from exclusion from the Settlement Class, and administration of the Settlement. This included establishing and maintaining the Settlement Website (www.DSGSettlement.com), a toll-free phone number dedicated to the Settlement, processing and reviewing Settlement Class Members Claim Form submissions, as well as any requests for exclusion or objections, and other requirements of the Settlement Agreement. S.A. § IV.3.2. Per the Settlement Agreement, the Claims Administrator

created the Settlement Website and established the toll-free number, and disseminated Notice to the Settlement Class Members on December 19, 2025, via direct U.S. Mail to the 65,562 Settlement Class Members, made efforts to obtain updated addresses for any returned notices, and remailed 8,800 returned notices to either a newfound address or the forwarding address provided by U.S.P.S. with the returned notice. Ultimately, only 1,646 of the Notices to the Settlement Class Members were undeliverable because no updated address was available; and the Claims Administrator estimates that direct mail notice to 63,883 Settlement Class Members, which equates to a reach rate of **approximately 97.43%** of the Settlement Class. Class Counsel submit that this demonstrates extremely successful notice, the best practicable notice under the circumstances, and because the Notice informed Settlement Class Members of the pendency of the Litigation and the proposed Settlement, and provided them an opportunity to submit a Claim Form, object or exclude themselves from the Settlement, the Notice Program provided Settlement Class Members with Due Process under the U.S. and Texas Constitutions and complies with the Rule 23. *See* U.S. Const., amend. XIV; Tex. Const., Art. 1, § 19; Fed. R. Civ. P. 23(c)(2)(b) & (e)(1).

12. Although the Claims process is still ongoing, the Settlement Class Members' reaction to the Settlement has been positive overall. The Opt-Out Date was February 17, 2026, and the Claims Administrator has informed Class Counsel that as of February 24, 2026, there have been **zero opt-out requests and zero objections** received from Settlement Class Members.

13. Class Counsel has been informed by the Claims Administrator that as of February 24, 2026, 1,419 Claim Forms have been received from Settlement Class Members, which is equivalent to approximately 2.16% of the Settlement Class. The number of Claim Forms is

anticipated to continue to increase as Settlement Class Members submit additional Claim Forms over the next several weeks until the March 19, 2026 Claims Deadline. Based on the Claim Forms the Claims Administrator hasreceived from the Settlement Class Members as of February 24, 2026, Class Counsel currently estimates the following distribution of Settlement Benefits:

| Category of Claimed Settlement Benefit | Number of Claims | Total Amount |
|---|---|---|
| Reimbursement for Out-of-Pocket Losses | 7 | $8,017.75 |
| Reimbursement for Extraordinary Losses | 7 | $15,751.00 |
| Attested Lost Time | 99 | 369 hours x 20/hour = $7,380.00 |
| Alternative Cash Payment | 1,301 | 1,301 claims x $45 = $58,545.00 |
| Credit Monitoring and Identity-Theft Protection Services | 826 | valued at $790.80 per 2-year subscription = $653,200.80 value |

The number claims is anticipated to continue to increase as Settlement Class Members submit additional Claim Forms over the next several weeks until the March 19, 2026 Claims Deadline. Class Counsel will endeavor to provide updated numbers to the Court at the Final Fairness Hearing.

**<u>Class Representative and the Requested Service Award</u>**

14. In the Preliminary Approval Order, the Court preliminarily appointed Plaintiff to serve as the Class Representative. (Dkt. No. 20). Plaintiff is an adequate class representative because Plaintiff has diligently represented and pursued the interests of the Settlement Class with the assistance of Class Counsel by, among other things, providing information to facilitate Class Counsel's investigation of the Data Incident and provided information that contributed to

the Complaint in the Litigation, communicated with Class Counsel regarding various issues pertaining to this case. and will continue to do so until the Settlement is approved, and its administration completed. *See* Dkt. No. 19-2, Declaration of Rosalyn Parker ("Parker Decl.") ¶¶ 5, 7-8. Plaintiff's willingness to serve as Class Representative demonstrates Plaintiff's serious commitment to bringing about the best results for the Settlement Class. Plaintiff and Class Counsel are unaware of any conflict of interest between Plaintiff on one hand and any Settlement Class Member on the other hand, or between Plaintiff and Plaintiff's Counsel. Also, Plaintiff has retained attorneys who are qualified, experienced and able to conduct the proposed litigation in light of Class Counsel's extensive experience in class actions and other complex litigation, including data breach litigation. Class Counsel believes a modest Service Award of $2,500 to the Class Representative fairly compensates the Class Representative for her personal effort in coming forward to initiate this case and the risk and commitment entailed in pursuing this Litigation as the named Plaintiff for the benefit of the Settlement Class.

**Class Counsel's Requested Attorneys' Fees and Costs are Reasonable**

15. The work performed by Class Counsel to date includes (1) developing case strategy, (2) interviewing, analyzing, and vetting potential plaintiffs, (3) extensively researching and filing the Complaint, (4) undertaking substantial investigation of the Data Incident, (5) informally exchanging information prior to mediation and preparing and exchanging extensive mediation briefs, (6) attending a full-day private mediation, (7) drafting and negotiating the Settlement Agreement, Notice documents, and other exhibits, (8) obtaining and comparing bids from settlement administrators and credit monitoring service providers, (9) drafting the preliminary approval motion papers, attending the preliminary approval hearing, and securing preliminary approval of the Settlement, (10) overseeing the administration of Notice to the

Settlement Class and the claims process to date, (11) preparing and filing the motion for an award of attorney's fees, costs, and Service Award for Plaintiff; and (12) preparing and filing the motion for final approval of the Settlement.

16. In addition to these tasks and the attendant resources already committed to them, Class Counsel will need to devote additional time and resources, including:

- preparing for and attend the Final Fairness Hearing, including any further briefing;
- responding to any inquiries from Settlement Class Members;
- overseeing the Settlement through final approval and ultimate distribution of the Settlement;
- overseeing the Claims Administration and Claims process, reviewing reports provided by the Claims Administrator, and addressing any Claim review issues; and
- addressing any appeals if necessary.

17. The quality of the work performed by Class Counsel in obtaining the Settlement should also be evaluated in light of the quality of opposing counsel. Defendant in this case was represented by experienced counsel from the nationally prominent litigation firm Baker & Hostetler, LLP who vigorously and ably represented Defendant in the Litigation.

18. This case presented extraordinary challenges and problem solving that required extraordinary lawyering. In general, data breach class actions present relatively unchartered territory and no data breach class action case has gone to trial. The circumstances of the breach also presented significant technical challenges and risk, requiring Class Counsel to understand the complicated data systems at issue, and formulate a plan for presenting evidence concerning those systems to a jury in a comprehensible manner. Were the case to proceed in litigation, there would

be numerous expert reports, costly expert depositions, and Daubert proceedings that risk excluding Plaintiff's expert testimony. Further, there is a dearth of class action certification decisions in the data breach context, so that class certification presents an especially heightened risk. Absent the Settlement, Plaintiff unquestionably faced an uncertain road with possible motion practice, contested class certification, summary judgment, trial and any appeals.

19. Class Counsel undertook the prosecution of this matter on a purely contingent basis and advanced all expenses necessary to litigate the case, fully understanding that no fees or costs would be recovered absent a favorable result for the Settlement Class.

20. Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award, respectfully requests that the Court approve an award of $300,000 in attorneys' fees and costs combined as well as a Service Award of $2,500 for the Class Representative per the terms of the Settlement Agreement.

21. Because there is no aggregate cap on what Defendant will pay to the Settlement Class Members who submit Valid Claims for Settlement Benefits, Defendant has committed to fully funding the Settlement for the 65,562 Settlement Class Members, making a minimum of up to approximately $2.95 million[2] available for Alternative Cash Payments, and up to approximately $163.9 million[3] for reimbursement of Extraordinary Losses available for the Settlement Class

---

[2] The Settlement Benefits provide various monetary payment options, but the minimum amount each Settlement Class Member may claim a $45 Alternative Cash Payment. Assuming each Settlement Class Member submitted a claim for this relief, excluding credit monitoring and the other Settlement Benefits, Defendant has committed to covering at least $2.95 million for the claims of the Settlement Class.

[3] The Settlement Benefits provide that each Settlement Class Member is eligible to submit a claim for up to $2,500 with supporting documentation for unreimbursed Extraordinary Losses fairly traceable to the Data Incident. Thus, each Settlement Class Member submitted a claim for this relief, excluding credit monitoring and the other Settlement Benefits, Defendant has committed to covering up to approximately $163.9 million for the claims of the Settlement Class.

Members. Thus, based on the $45 Alternative Cash Payment alone, together the anticipated Costs of Claims Administration (which is approximately $68,469)[4], and the attorney's fees, costs (up to $300,000), and Service Award of $2,500, the minimum value of the Settlement recovery for the Settlement Class is $3,321,256, without considering the additional value of reimbursements available for Out-of-Pocket Losses or Extraordinary Losses, Credit Monitoring and Identity Theft Protection Services (valued at $790.80 per each Settlement Class Member's 2-year subscription, or up to over $51.85 million for all Settlement Class Members), or the value of Defendant's data security measures that are or will be implemented by Defendant. Thus, Class Counsel's requested award of $300,000 in combined attorney's fees and costs is *only approximately 9%* of the conservative estimate of the minimum amount of monetary relief the Settlement makes available to the Settlement Class.

22. The requested award of of attorneys' fees and costs compares favorably with the fees awarded to other class counsel in other data breach cases. *See e.g., In re TJX Cos. Retail Sec Breach Litig.,* 584 F. Supp. 2d 395, 408-10 (D. Mass. 2008) (approving lodestar award of $6,500,000); *In re Countrywide Fin Corp. Customer Data Sec. Breach Litig.,* 2010 U.S. Dist. LEXIS 87409 (W.D. Ken. Aug. 20, 2010) (approving lodestar award of $3.5 million); *In re Heartland Payment Sys.,* 851 F. Supp. 2d 1040, 1068-70 (S.D. Tex. 2012) (awarding attorneys' fees in excess of $100 million under the percentage-of-the-fund method);

23. In light of their significant experience, expertise, and skill in this area of litigation, Class Counsel's requested award of attorney's fees is reasonable and Class Counsel's hourly rates are in line with what they have been awarded in other cases, including data breach class actions,

---

[4] *See* Simpluris Decl. submitted with Plaintiff's Motion for Final Approval, ¶ 25.

such that a positive multiplier of their lodestar would be justified. *See, e.g., Hellyer et al. v. Smile Brands et al.*, Case No. 8:21-cv-01886-DOC-ADS (C.D. Cal) (data breach class action settlement approving then rates of $900 per hour for Abbas Kazerounian, and $595 per hour for Mona Amini); *In Re Planned Parenthood Los Angeles Data Incident Litigation*, Case No. 21STCV44106 (Super. Ct. Cal. Los Angeles Cnty.) (data breach class action settlement approving then rates of $975 per hour for Abbas Kazerounian, and $650 per hour for Mona Amini); *In re loanDepot Data Breach Litigation*, No. 8:24-cv-00136-DOC-JDE (C.D. Cal. Aug. 25, 2025) (data breach class action settlement approving rates of $1,075 for Abbas Kazerounian and $725 per hour for Mona Amini); *Hillbom v. R1 RCM, et al.*, No. 2:24-cv-00664-JAD-EJY (D. Nev. Nov. 14, 2025) (data breach class action settlement, rates of $1,075 for Abbas Kazerounian and $725 per hour for Mona Amini); *Kuhn v. Nations Direct Mortgage LLC*, No. 24000115CAAXMX (Walton County, Fla.) (data breach class action settlement, approving hourly rate of $725 for Ms. Amini). Class Counsel in this case has achieved a remarkable result with securing the relief for the Settlement Class Members. The Court is not required to consider Class Counsel's lodestar in awarding attorney's fees, and even if the fees requested may exceed counsel's lodestar does not mean that the fees are excessive or unreasonable as courts have long understood that the percentage method, by basing fee awards on the relief obtained, more closely aligns the interests of class counsel and the class. That encourages class counsel to focus on efficiently obtaining the maximum relief for the class instead of racking up more hours. When class counsel's fees are higher than the lodestar, it means that counsel obtained substantial valuable relief for the class. The "cross- check" that the Fifth Circuit requires is not a lodestar cross-check, but a "cross-check[] with the *Johnson* factors," *Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012) (affirming the district court's award of an 18% fee without mentioning the lodestar). The Fifth Circuit was careful

to distinguish this "*Johnson* cross-check" from the "'lodestar cross-check' commonly referenced in other courts."(*id.*), which refers to a test of the fee award under the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717, 720 (5th Cir. 1974). The test, in other words, is a "*reasonableness* cross-check." *Torres v. SGE Mgmt.*, 945 F.3d 347, 351 (5th Cir. 2019) (emphasis added).

24. With the requested award of attorney's fees and costs, Class Counsel seek reimbursement in the amount of $10,978.74 for unreimbursed out-of-pocket costs and expenses that were reasonably and necessarily incurred by Class Counsel in connection with this Litigation. The costs and expenses that Class Counsel seek reimbursement of include court filing fees, mediation fees, and photocopying and printing costs, as described below:

| **Category** | **Costs/Expenses** |
|---|---:|
| Court Filing Fees | $405.00 |
| Mediation | $10,500.00 |
| Photocopying/Printing Costs | $73.74 |
| **TOTAL:** | $10,978.74 |

Class Counsel advanced these reasonable and necessary unreimbursed costs and expenses for the benefit of the Settlement Class they sought to represent without any guarantee that these costs and expenses would be recovered.

**Class Counsel's Experience and Qualifications**

25. Plaintiff's Counsel, Abbas Kazerounian, and Mona Amini of Kazerouni Law Group, APC, are adequate to represent the Settlement Class's interests and should be appointed as Class Counsel. Kazerouni Law Group, APC engages in consumer rights litigation, and has extensive experience in litigating consumer class actions, complex litigation, and specifically data breach class actions. Class Counsel's firm resume is attached hereto as **Exhibit 1** and

demonstrates the depth and breadth of Class Counsel's experience. Class Counsel have been appointed as class counsel in numerous consumer class actions and data breach class actions specifically, including but not limited to the following: *McAfee et al. v. Treasure Island, LLC*, No. A-18-772302-C, 2019 Nev. Dist. LEXIS 421 (D. Nev.) (granting final class action settlement approval in data breach action); *Santana, et al. v. Rady Children's Hospital – San Diego*, Case No. 37-2014-0002241 (Super. Ct. Cal. Feb. 8, 2019) (California Confidentiality of Medical Information Act ("CMIA") class action that settlement shortly before trial, which resulted in a settlement valued at over $13.5 million for 14,200 class members); *R.O., et al. v. Rady Children's Hospital – San Diego*, No. 37-2020-00011841-CU-BT-CTL (Super. Ct. Cal.); *Newman v. JM Bullion, Inc*., No. BCV-21-100436-BCB (Super. Ct. Cal.); *Kolar v. CSI Financial Services, LLC*, No. 37-2021-00030426-CU-NP-CTL (Super. Ct. Cal. Jan. 20, 2023); *Stoffers v. Dave, Inc.*, No. 20STCV35381 (Super. Ct. Cal.); *In re Planned Parenthood Los Angeles Data Incident Litigation*, Case No. 21-CV-44106 (Super. Ct. Cal.) (Mr. Kazerounian appointed Plaintiff's Liaison Counsel); *Hellyer, et al. v. Smile Brands Inc., et al*, No. 8:21-v-01886-SOC-ADS (C.D. Cal.); *In re loanDepot Data Breach Litigation*, Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.) (Mr. Kazerounian appointed Interim Class Counsel); *In re Entertainment Partners Data Breach Litigation*, Lead Case No.: 2:23-cv-065460CAS-PVC (C.D. Cal.) (Ms. Amini appointed to Plaintiff's Steering Committee); *McCartney, et al. v. Ventura County Credit Union*, No. 2023CUPP011569 (Super. Ct. Cal.) (Ms. Amini appointed to Plaintiffs' Executive Committee); *In re My Daily Choice, Inc. Data Breach Litigation*, No. 3:24-cv-00254-ART-CSD (D. Nev.) (Ms. Amini appointed to Plaintiffs' Executive Committee); *In re Nations Direct Mortgage, LLC Data Breach Litigation*, No. 2:24-cv-00595-ART-NJK (D. Nev.) (Ms. Amini appointed as Interim Class Counsel); *Hillbom v. R1 RCM, et al.,* No. 2:24-cv-00664-JAD-EJY (D. Nev. Nov. 14, 2025) (data

breach class action settlement, Abbas Kazerounian and Mona Amini appointed Class Counsel); *Kuhn v. Nations Direct Mortgage LLC*, No. 24000115CAAXMX (Walton County, Fla.) (data breach class action settlement, Ms. Amini appointed Class Counsel).

26. Many of the cases listed above, which have settled on a class-wide basis, resulted in hundreds of millions of dollars of combined common funds and/or distribution to class members. The outstanding results mentioned above and in Class Counsel's firm resume (**Exhibit 1**) are a direct result of the diligence and tenacity shown by Kazerouni Law Group, APC in successfully prosecuting complex class actions, including data breach class actions.

27. Kazerouni Law Group, APC will continue to commit the necessary resources and time to represent the interests of the proposed class., and will commit multiple lawyers and support staff, as necessary, to the case. Throughout this litigation, Class Counsel have strived to fairly, responsibly, vigorously and adequately represent the putative class members in this Litigation. I believe that Class Counsel have been successful in that endeavor thus far and shall continue in this vein.

28. Based on the above, and for the reasons stated in Plaintiff's Unopposed Motion for Preliminary Approval (Dkt. 19) and Plaintiff's Motion for Award of Attorney's Fees, Costs, and Service Award (Dkt. 25), Class Counsel strongly endorse this Settlement, believe that it is fair, reasonable, and adequate, and in the best interest of the Settlement Class. Along with the meaningful Settlement Benefits made available to the Settlement Class under the Settlement, coupled with the fact that **there were *zero* opt-outs and *zero* objections from Settlement Class Members**, reinforces the argument that the Settlement Agreement should be approved as fair, reasonable, and adequate, and "that the settlement is in the interest of the class, does not unfairly impinge on the rights and interests of dissenters, and does not merely mantle oppression." *Reed*

*v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Accordingly, Class Counsel respectfully request that the Court grant final approval of the Settlement and enter a Final Approval Order and Judgment so that the Settlement Benefits can be distributed to the Settlement Class.

Executed this 25th day of February 2026.

*/s/ Mona Amini*
Mona Amini

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: February 25, 2026

By: */s/ Mona Amini*
Mona Amini

# EXHIBIT 1

KAZEROUNI LAW GROUP, APC



**ABBAS KAZEROUNIAN**

245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Fax: (800) 520-5523
Email: ak@kazlg.com

Bar Admissions:

California, Colorado, District of Columbia, Illinois, New York, Texas, Michigan, and Washington.

Education:

California Western School of Law, San Diego, California J.D., 2006

University of Plymouth, United Kingdom, Bachelor of Arts – 2000

The London Academy of Performing Arts - 2001

Abbas Kazerounian is one of the founding partners of Kazerouni Law Group, APC (KLG), which was established in 2007. KLG is a consumer rights and personal injury firm with its headquarters in Costa Mesa, CA. KLG has offices in Arizona, California, Minnesota, Nevada, New Jersey, New York, Texas, Utah, and Washington. Mr. Kazerounian is an active member of several consumer rights organizations, he currently serves as the Secretary for the Consumer Attorneys of California (CAOC), and he is an adjunct professor at California Western School of Law where he teaches a three-credit course in Consumer Law. He is also regularly invited to speaking engagements nationwide on the topics of class action litigation and consumer law.

Mr. Kazerounian has been recognized as one of the Top 50 Orange County Super Lawyers 2021-2025 and the Top 100 Southern California Super Lawyers 2021-2025. He was selected by his peers as a Super Lawyer (a prestigious recognition is only given to up to 5 percent of the attorneys in the state) from 2016-2023 and as a Rising Star from 2013-2014. Mr. Kazerounian was also voted as a Rising Star by the San Diego Daily Tribune in 2012.

Mr. Kazerounian is regarded as a one of the preeminent consumer rights attorneys in Southern California. His depth of experience and knowledge in this practice area along with his trial skills, make Mr. Kazerounian one of the premier advocates within this field of law. Abbas has been responsible for over 650 published opinions, and he has successfully argued before the Ninth Circuit of Appeals on numerous occasions. Specifically, he has presented oral argument before the Ninth Circuit Court of Appeals in several landmark cases, such as *Marks v. Crunch San Diego, LLC*, No. 14-56834 (December 6, 2016), with a unanimous published decision in favor of client, *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sept. 20, 2018); *Knutson v. Sirius XM Radio, Inc.*, No. 12-56120 (February 7, 2014); and three times in *Afewerki v. Anaya Law Group*, Nos. 15-55100 (April 7, 2017), 18-56510 (May 15, 2019), and 19-56486 (Jan. 21, 2021).

**HONORS & AWARDS:**

Wiley W. Manuel Award by State Bar of California for Pro Bono Work, 2017; Voted Rising Star by San Diego Transcript in 2012; Voted Rising Star in Super Lawyers Magazine, 2013-2015; Nominated to Top 40 under 40 by The National Trial Lawyers 2018-2019; Selected as a Super Lawyer by Super Lawyer Magazine 2016-present; Selected by Super Lawyers Magazine as Top 100 in Southern California in 2021-present; Selected by Super Lawyers Magazine as Top 50 in Orange County 2021-present; Received the Presidential Award of Merit from Consumer Attorneys of California (CAOC) in November 2022.

**PUBLICATIONS**:

Articles: *The Impact of Epic Systems Corp. v. Lewis: How Arbitration Will Impact Consumers Going Forward*, The Gavel, 2018; *Material Considerations When Screening For A Class Representative*, Plaintiff Magazine, 2020; *Collateral Damage, Beyond the Personal Injury: When Creditors and Collection Agencies Stalk Your Client*, Plaintiff Magazine, 2017; *Finding A Balance*, Nutrition Business Journal, Special Edition, 2016; *FDCPA: The Forgotten Statute*, Daily Journal, 2016; *Principles of Litigating Consumer Class Actions*, The Advocate, 2015.

Books: *Boy with Two Lives*, 2015; and *On Two Feet and Wings*, 2013.

**SPEAKING ENGAGEMENTS**:

Presented at numerous events on various legal topics, including: 2023 Mass Torts Made Perfect on Mass Arbitrations, 2023 CAOC Sonoma Seminar on Recent Trends and Developments in Mass Torts and Class Actions; 2022 CAOC Annual Convention on Hot Topics Surrounding Consumer Class Actions; 2022 Mass Torts Made Perfect Fall 2022 Seminar on the Nuts and Bolts of Mass Arbitrations; 2021 CAOC Annual Convention on Using Arbitration as a Sword; 2021 CAOC Sonoma Virtual Conference on Nuts & Bolts of Fighting Arbitration; 2021 Palm Springs Seminar Panel on Hot Topics In Mass Tort And Class Actions: What You Don't Know Might Get You Burned. Spoke on *Recent Developments in Labeling Class Actions*; Fundamentals of the FDCPA, NCLC 2019 Las Vegas Conference; "The interplay between Personal Injury and Class Actions," CAOC, Sonoma Seminar 2019; Mass Torts Made Perfect on Modern Trends in the TCPA, April of 2019; Consumer Financial Services Committee meeting entitled, *TCPA Litigation: Where Is It Heading Now?*, January 11, 2019; panelist at a webinar, *TCPA Takes A New Turn With the 9th Circuit's Ruling in Marks v. Crunch San Diego, LLC*, hosted by the Consumer Financial Services Committee of the American Bar Association, October 10, 2018; National webinar sponsored by Ballard Spahr LLP, entitled, *From Both Sides: Plaintiff and Defense Perspectives on the TCPA*, August 2018; Inland Empire CAOC Convention on "Class Action Hot Topics," May 2018; National Webinar by the ABA Consumer Financial Services Committee on TCPA Update – "The D.C. Circuit's TCPA Decision on the FCC Ruling, March 22, 2018; moderated the Judges Panel on Class Action Trends and Federal Litigation Trends at the NCLC Conference, March 2016; lectured on the TCPA before the ABA Business Law Section, Consumer Financial Services Committee in January 2016 at an event in Utah entitled, "Impact of the FCC's 2015 Rulings on TCPA Litigation"; Class Action Trends at the CAOC 2015 Conference in San Francisco, CA; panelist in a webinar, ABA Telephonic Brown Bag re: TCPA, August 25, 2015; ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees), September 2013.

Speaker at various law schools, including Whittier Law School, Chapman Law School, University of California, Irvine, and California Western School of Law.

Often called upon to appear on radio and television shows to offer legal analysis, including on Dr. Drew Midday Live and Fox 5.

Adjunct professor at California Western School of Law teaching Consumer Law course.

KAZEROUNI LAW GROUP, APC



**MONA AMINI**
Partner

Kazerouni Law Group, APC
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: mona@kazlg.com

Bar Admissions:
California and Nevada

Mona Amini is a Partner with Kazerouni Law Group, APC (KLG), which was established in 2007. KLG is a consumer rights and personal injury firm with its headquarters in Costa Mesa, California. KLG has additional offices and attorneys located in Arizona, California, Minnesota, Nevada, New Jersey, New York, Texas, Utah, and Washington.

Ms. Amini has litigated numerous consumer rights cases, including individual matters as well as nationwide class actions against major corporations, on behalf of clients with claims arising out of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, Telephone Consumer Protection Act, as well as other federal and state consumer protection statutes, including California data breach statutes such as the California Consumer Privacy Act (CCPA) and the California Confidentiality of Medical Information Act (CMIA).

Ms. Amini is a member of several local and national associations, including the Consumer Attorneys of California, National Association of Consumer Advocates, Orange County Bar Association, Orange County Trial Lawyers Association, and Clark County Bar Association. In 2019, the Consumer Attorneys of California (CAOC) selected Ms. Amini from a pool of applicants for its 2019 Leadership Academy. Also, in 2022 and 2023, Ms. Amini was chosen for membership into The National Trial Lawyers: Top 40 Under 40.

Ms. Amini was also selected by selected by Super Lawyers in 2021-2025 for its list of Southern California Rising Stars, an honor reserved for those lawyers who exhibit excellence in practice. Only 2.5% of attorneys in Southern California receive this distinction.

**KAZEROUNI LAW GROUP'S CLASS ACTION LITIGATION EXPERIENCE:**

KLG has over 15 years of experience in representing plaintiffs in consumer litigation. KLG is a highly regarded class action firm and has litigated over 15,000 individual consumer rights cases. Some of KLG's more notable cases in the class action space include: *Vakilzadeh v. The Board of the Trustees of the California State University*, No. 20STCV23134 (Sup. Ct. Los Angeles) (denying in part and granting in part demurrer in COVID-19 student refund litigation; and appointed as interim co-lead class counsel); *Hill v. Quicken Loans, Inc.*, No. ED CV 19-0163 FMO (SPx), 2020 U.S. Dist. LEXIS 140980 (C.D. Cal. Aug. 5, 2020) (denying defendant's motion to dismiss and motion to compel arbitration of TCPA case); *Holt v. Foodstate, Inc.*, No. 1:17-cv-00637-LM, 2020 U.S. Dist. LEXIS 7265 (D.N.H. Jan. 16, 2020) (Class counsel in finally approved false advertising action, with a common fund $2,100,000); *Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 U.S. Dist. LEXIS 96981 (S.D. Cal. June 10, 2019) (denying defendant's motion to compel arbitration, for a second time); *Smith v. One Nev. Credit Union,* 2:16-cv-02156-GMN-NJK, 2019 U.S. Dist. LEXIS 54963 (D. Nev.) (finally approved Fair Credit Reporting Act class action settlement for $600,000 on March 29, 2019); *Swigart v. Parcel Pending, Inc.*, 3:18-cv-02238-BEN-WVG (S.D. Cal.) (granting final approval to surreptitious call recording class action settlement); *McCurley et al. v. Royal Seas Cruises, Inc.*, 17-cv-00986-BAS-AGS (S.D. Cal.) (certified class achieved by motion in TCPA class action on behalf

of over 2 million class members, on July 31, 2018); *Barrow v. JPMorgan Chase Bank, N.A.*, 1:16-cv-03577-AT (N.D. Ga.) (Class counsel in TCPA class action settlement with $2,250,000 common fund, finally approved on November 6, 2018); *Giffin v. Universal Protein Supplements Corporation d/b/a Universal Nutrition et al.*, No. BC613414 (Sup. Ct. Los Angeles) (finally approved class action settlement alleging violation of California Made in USA law); *Medeiros v. HSBC Card Services, Inc. et al.,* 2017 U.S. LEXIS 178484 (C.D. Cal. Oct. 23, 2017) (finally approved surreptitious call recording class settlement for $13,000,000); *Hooker v. Sirius XM Radio Inc.*, 4:13-cv-00003-AWA-LRL (E.D. Va., December 22, 2016) (co-lead counsel in finally approved TCPA class action settlement with fund of $35,000,000); *Gehrich v. Chase Bank, N.A.*, 12-cv-5510 (N.D. Cal.) (co-lead counsel in finally approved TCPA class action settlement for $34,000,000); *Newman v. AmeriCredit Financial Services*, 11-cv-03041-DMS-BLM (S.D. Cal.) (Co-lead counsel in finally approved TCPA settlement for over $6,500,000 on March 28, 2016); *Chen v. Allstate Ins. Co.,* 819 F.3d 1136 (9th Cir. 2016) (order affirming decision finding unaccepted offer of judgment under Fed. R. Civ. P. 68 did not moot the plaintiff's individual claims); *Macias v. Water & Power Community Credit Union*, BC515936 (Sup. Ct. Los Angeles) (final approval in Rosenthal Fair Debt Collection Practices Act class settlement in 2016); *Mount v. Wells Fargo Bank, N.A.*, BC395959 (Sup. Ct. Los Angeles) (final approval of surreptitious call recording class action for $5,600,000); *Oxina v. Lands' End, Inc.*, 3:14-cv-02577-MMA-NLS (S.D. Cal. 2016) (finally approved settlement under California Made in the USA statute); *LaPuebla v. BirchBox, Inc.,* 3:15-cv-00498-BEN-BGS (S.D. Cal. 2016) (finally approved settlement in auto-renewal violation action); *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (finally approved TCPA class action settlement for $39,975,000); *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (co-lead counsel in California class action settlement under Penal Code 632, *et seq*., with a common fund of $2,600,000, finally approved on November 6, 2014); *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process); *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; finally approved for $18,000,000); *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290-IEG (BLM) (Co-lead counsel, TCPA settlement of $17.1 Million finally approved in 2013).

Served as appointed Co-Lead Counsel in a federal securities class action in *Jiao et al. v. Merrill Lynch Pierce Fenner & Smith, Inc. et al.,* No. 3:17-cv-00409-L-MDD (S.D. Cal.).

Presented oral argument before the Ninth Circuit Court of Appeals in *Marks v. Crunch San Diego, LLC*, No. 14-56834 (December 6, 2016), with a unanimous published decision in favor of client, *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sept. 20, 2018); *Knutson v. Sirius XM Radio, Inc.*, No. 12-56120 (February 7, 2014); and three times in *Afewerki v. Anaya Law Group*, Nos. 15-55100 (April 7, 2017), 18-56510 (May 15, 2019), and 19-56486 (Jan. 21, 2021).

Prior experience in products liability litigation includes obtaining a $2,500,000 settlement in 2008 in *Mei Lu Hwei, et al. v. American Honda Motor Co., Inc.*, *et al.*, BC401211 (Sup. Ct. Los Angeles).

Prior experience in data breach class actions includes: *McAfee et al. v. Treasure Island, LLC*, No. A-18-772302-C, 2019 Nev. Dist. LEXIS 421 (D. Nev.) (finally approved in data breach action, May 23, 2019); *Santana, et al. v. Rady Children's Hospital – San Diego*, Case No. 37-2014-0002241 (Super. Ct. Cal. Feb. 8, 2019) (finally approved California Confidentiality of Medical Information Act (CMIA) class action that settled shortly before trial, providing approximately 14,100 class members with the benefit in the form of $6,764,616 of credit monitoring and identity theft protection packages, $5,000,000 cash payment, and $1,800,000 in remedial measures, for a total value at over $13.5 million); *R.O., et al. v. Rady Children's Hospital – San Diego*, No. 37-2020-00011841-CU-BT-CTL (California CMIA class action settlement, granted final approval on December 10, 2021); *Newman v. JM Bullion, Inc.*, No. BCV-21-100436-BCB (CCPA data breach class action, granted final approval on June 30, 2022); *Kolar v. CSI Financial Services, LLC*, No. 37-2021-00030426-CU-NP-CTL (Super. Ct. Cal. Jan. 20, 2023) (finally approved data breach class action settlement); *Nulf v. Alvaria, Inc., et al.*, Case No. 1:23-cv-10999 (D. Mass.) , *In re Planned Parenthood Los Angeles Litigation*, No. 21STCV44106 (data breach class action, KLG appointed as Liaison Counsel), *Stoffers v. Dave, Inc.,* No. 20STCV35381 (CCPA data breach class action settlement, granted final approval, KLG Class Counsel), and *Hellyer, et al. v. Smile Brands*, No. 8:21-cv-01886-DOC-ADSx (CMIA class action settlement); *In re loanDepot Data Breach Litigation*, No. 8:24-cv-00136-DOC-JDE (C.D. Cal.), as well as other pending matters.